## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **BRYAN WILLIAMSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-06-37** |
| | § | |
| **THE VICTORIA COLLEGE, et al.** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Pending before Court is Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 7).  Having considered, the motion, Plaintiff's response thereto, the entire record, and the applicable law, the Court is of the opinion that the motion should be granted.

### Introduction & Standard of Review

Plaintiff is a former director of the police academy at Victoria College, who claims that he was fired for complaining to school officials about sexual harassment directed at one of his female students by a male classmate.  Plaintiff has asserted numerous claims against Defendants including a conspiracy claim under 42 U.S.C. § 1985.  Defendants' motion asks the Court to dismiss Plaintiff's claim under 42 U.S.C. § 1985 because Plaintiff has conclusorily plead his conspiracy claim and failed to allege a conspiracy between state and non-state actors.

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's  favor. *See Leatherman v. Tarrant County Narcotics Intelligence and*

*Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). When presented with a Rule 12(b)(6) motion to dismiss, the district court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id.*

### Discussion

The Court first notes that Plaintiff has not specified under which subsection of § 1985 his claim is brought. However, after reviewing Plaintiff's complaint (Dkt. No. 1), the Court is satisfied

that the only possible avenue available to him is a claim under § 1985(3).  The other two subsections clearly do not apply to the facts of this case as presented in the complaint.  Plaintiff, a community college instructor, has not alleged  – nor does it appear that he could allege – that he was either the holder of an "office, trust, or place of confidence under the United States" or an "officer of the United States," as required by subsection (1).  Nor has he alleged that any of the acts or conduct, underlying his § 1985 claim were connected to his role as a party, witness, or juror in any court of the United States or any state court, as required by the first and second clauses of subsection (2), respectively.  *Kush v. Rutledge*, 460 U.S. 719, 724–25 (1983).  Accordingly, the Court can only assume that Plaintiff intends to bring his claim under subsection (3).

In order to state a claim under § 1985(3), Plaintiff must allege the following elements: (1) a conspiracy between two or more people, (2) for the purpose of depriving a person or class of the equal protection of the laws, and (3) an act that furthers the conspiracy, (4) whereby a person is injured in his person or property or denied any right or privilege of a citizen of the United States.  *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir.1987).  Defendants have moved to dismiss Plaintiff's § 1985 claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but have supported their motion by directing the Court to *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 1986), and *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994), for the proposition that Plaintiff's claim under § 1985 must "allege the existence of an agreement between the private and public actors."  Dkt. No. 7 at 2 (citing *Priester*, 354 F.3d at 420 and *Cinel*, 15 F.3d at 1342).

 The *Priester* court was stating the pleading requirements for a § 1983 claim in which the plaintiff alleges that a non-state actor should be held liable as a "willful participant in joint activity with the State or its agents."  *Priester*, 354 F.3d at 420.  The point of that heightened pleading requirement is to require that plaintiffs seeking to extend liability for § 1983 claim to non-state

3

actors must establish a conspiracy between the state actors and the non-state actors. Defendants have apparently relied on *Priester* and *Cinel* in response to Plaintiff's statement in his complaint that Defendants violated § 1985 by conspiring with the male student whose alleged sexual harassment prompted Plaintiff's retaliation complaint to school officials and ultimately led, culpably or not, to his dismissal. However, the Supreme Court has held that § 1985(3) encompasses the conduct of private persons. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("It is thus evident that all the indicators – text, companion provisions, and legislative history – point unwaveringly to § 1985(3)'s coverage of private conspiracies."). Accordingly, the Court is of the opinion that Defendants' motion should be denied on this ground.

Defendant's cite to *Priester* aside, to the extent that Defendants' motion is based on Plaintiff's failure to sufficiently plead the specifics of a conspiracy, it is well taken. The Fifth Circuit has repeatedly held that, in addition to alleging the elements recited by this Court elsewhere herein, *supra* at 3, "[e]ssential to the [§ 1985(3)] claim ... is that the conspiracy be motivated by racial animus[1]." *Word of Faith World Outreach Ctr. Church v. Sawyer*, 90 F.3d 118, 124 (5th Cir.1996). *See also Horaist*, 255 F.3d at 271 ("'In this circuit, we require an allegation of a race-based conspiracy' to present a claim under § 1985(3).") (quoting *Bryan v. City of Maidson*, 213 F.3d 267, 276 (5th Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001)); *Green v. State Bar of Texas*, 27 F.3d 1083, 1088 n.8 (5th Cir. 1994); *Daigle v. Gulf States Utilities Co., Local 2286*, 794 F.2d 974, 978–79 (5th Cir. 1986); *Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir. 1986); *Rayburn v. Mississippi State Board of Dental Examiners*, 776 F.2d 530, 532 (5th Cir. 1985). A careful review of Plaintiff's

---

[1]The Court is, however, aware that § 1985(3) might, under Fifth Circuit precedent, also be applicable to sex-based animus perpetrated under color of state law where the underlying right to be vindicated is equal protection. *See Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 271 n.14 (citing *Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir. 1989)).

complaint, however, leads the Court to conclude that Plaintiff has not alleged the elements of a §

1985(3) conspiracy.  Accordingly, the Court if of the opinion that Defendants' motion to dismiss

should be, and hereby is, GRANTED as to Defendants' second ground.

Out of an abundance of caution, and given that it is not clear what sort of § 1985 claim is

being asserted here, the Court hereby grants Plaintiff leave, if he so chooses, to re-plead his § 1985

claim consistent with Fifth Circuit requirements within twenty days of the entry of this Order.  If

Plaintiff opts to re-plead, Defendants shall have the opportunity to re-urge their motion to dismiss

under Rule 12(b)(6).

It is so ORDERED.

Signed this 31st day of March 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE