**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **BRYAN WILLIAMSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-06-37** |
| | § | |
| **THE VICTORIA COLLEGE, et al.** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Pending before the Court are two motions to compel filed by Plaintiff Bryan Williamson (Dkt. Nos. 18 & 19). Having considered the motions, the responses thereto, the entire record, and the applicable law, the Court is of the opinion that both motions should be granted in part and denied in part as set forth herein.

Plaintiff is a former director of the police academy at Victoria College, who claims that he was improperly fired for complaining to school officials about sexual harassment directed at one of his female students by a male classmate. Plaintiff has asserted numerous claims against Defendants under 42 U.S.C. §§ 1983 & 1985 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. Plaintiffs' civil rights claims under § 1983 and § 1985 include requests for punitive damages.

**1. Plaintiff's First Motion to Compel (Dkt. No. 18)**

Plaintiff's first motion seeks to compel the College to answer the following interrogatory:

During Ann Isaac's employment with the Defendant Victoria College, identify any and all employees of Defendant Victoria College that were issued any type of written or verbal disciplinary action by Ann Isaac and/or had disciplinary action approved by Ann Isaac. Identify any and all documents that support your contention.

Dkt. 18-2 at 3. Plaintiff also requests production of any documents identified in the College's

answer to this interrogatory.  *Id.* at 6.  The College objected on grounds that the interrogatory and the production request sought irrelevant information, was unduly burdensome, and inquired into confidential personnel matters.  Plaintiff argues that he is entitled to discovery of comparative evidence relevant to his retaliation claims.  The Court agrees with Plaintiff that he is entitled to some of the information and materials underlying these two requests, but also agrees with the College that the  interrogatory is not sufficiently tailored to avoid undue burden.

Plaintiff indicated in his motion that he was amenable to "limiting his discovery request to department heads, directors and instructors/teachers/professors." Dkt. No. 18 at 7.  Such a limitation is a good start at reforming this interrogatory, but does not go far enough.  Accordingly, the Court is of the opinion that Plaintiff's motion should be, and hereby is, GRANTED in part insofar as is consistent with the following restrictions: in addition to limiting the interrogatory to disciplinary actions directed at "department heads, directors and instructors/teachers/professors," it shall also be limited to the period beginning three years prior to Plaintiff's dismissal up to the present.  Plaintiff's motion is DENIED insofar as it seeks to discover matters inconsistent with these limitations.

Finally, the Court is sensitive to the College's objection that responding to these requests would require disclosure of confidential information in personnel files regarding former employees. However, on January 8, 2007, the Court approved an Agreed Protective Order as to Production of Confidential Information (Dkt. No. 22) that would appear to cover some – if not all – of the information sought to be discovered by these requests.  Therefore, the Court encourages the parties to work within the framework of that protective order and otherwise cooperate to protect confidential information.

**2. Plaintiff's Second Motion to Compel (Dkt. No. 19)**

Plaintiff's second motion to compel seeks the production of Isaac's federal income tax

returns for the past five years on grounds that they are relevant to his claims for punitive damages under § 1983 and § 1985.  The Court agrees that some of Isaac's most recent returns are relevant, but finds that returns older than three years are not.  Accordingly, the Court is of the opinion that Plaintiff's motion with respect to Isaac's federal income tax returns should be, and hereby is GRANTED as to tax years 2006, 2005, and 2004, but DENIED as to any others.  The Parties are again encouraged to cooperate within the framework of the Agreed Protective Order to ensure that confidential information is protected from inadvertent disclosure.  Moreover, Plaintiff should not hesitate to accept further restrictions and/or redactions not already provided for by the Agreed Protective Order as is deemed appropriate to preclude from discovery all but those portions of Isaac's federal income tax returns reasonably necessary to enable Plaintiff to adequately develop and evaluate his punitive damages claims.

It is so ORDERED.

Signed this 4th day of April 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

3